IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

POLYMATHIC PROPERTIES, INC.,

    Plaintiff,                        No. 2:12-cv-2848-LKK-EFB PS

    vs.

DWAYNE W. MACK; NATHANIEL BASOLA SOBAYO,

    Defendants.                   FINDINGS AND RECOMMENDATIONS

        On November 21, 2012, defendants, proceeding pro se, filed a notice of removal of this action from the Superior Court of the State of California for Solano County, and a counter-complaint and motion to strike and dismiss the state court complaint.[1]  Dckt. No. 1.  Although defendants did not attach a copy of the state court complaint herein, as required by 28 U.S.C. § 1446(a),[2] defendants previously removed this action, Solano County Superior Court Case No.

////

---

[1] This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] Section 1446(a) provides that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

FMC 124347, and attached a copy of the complaint to that notice of removal.[3]  *See Polymathic Properties, Inc. v. Mack*, 2:11-cv-251-KJM-EFB (E.D. Cal.), Dckt. No. 1 at 8-10 (Compl.).  The earlier action was remanded for lack of subject matter jurisdiction.  *Id.*, Dckt. Nos. 4, 15.

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As explained below, defendant has failed to meet that burden.

The notice of removal states that this court has federal question jurisdiction.  Dckt. No. 1 at 1, 2, 3.  However, a review of the complaint once again reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  *Polymathic Properties, Inc. v. Mack*, 2:11-cv-251-KJM-EFB (E.D. Cal.), Dckt. No. 1 at 8-10.  The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a

---

[3] The court takes judicial notice of that complaint.  *See Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981) (noting that judicial notice may be taken of court records).

defendant's claims or defenses may not serve as a basis for removal.[4]  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Defendants' notice of removal asserts numerous defenses and purports to state a variety of counterclaims against plaintiff.[4]  *See generally* Dckt. No. 1.  However, neither defenses nor potential counterclaims "are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint."  *First N. Bank of Dixon v. Hatanaka*, 2011 WL 6328713, at * 4 (E.D. Cal. Dec. 16, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("provisions [of the PFTA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements.  A federal defense, however, does not support federal-question jurisdiction.").

Therefore, because defendants have not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.[5]  *See* 28 U.S.C. § 1447(c).

////

////

---

[4] Nor have defendants established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendants would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

[4] If defendants seek to assert federal claims against plaintiff, they may file a separate federal action against plaintiff, rather than improperly seeking to remove plaintiff's state court action.

[5] Nor was the notice of removal timely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, the complaint was filed on August 25, 2011, and judgment was entered on September 14, 2011, Dckt. No. 1 at 90, yet the notice of removal was not filed until November 21, 2012.

1  Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
2  REMANDED to the Superior Court of the State of California in and for the County of Solano.
3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8  shall be served and filed within fourteen days after service of the objections.  Failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
11 Cir. 1991).

12 DATED:  November 27, 2012.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

4